**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE PABLO MARTINEZ, a.k.a. Jase Martinez, <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR LINEN, <br><br> Respondent. | No. 13-71950 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Office of the Chief Administrative Hearing Officer

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Jose Pablo Martinez petitions pro se for review of a final order of an

administrative law judge ("ALJ") in the Office of the Chief Administrative

Hearing Officer dismissing Martinez's complaint alleging unfair immigration-

related employment discrimination and retaliation in violation of the Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reform and Control Act, 8 U.S.C. § 1324b. We have jurisdiction under 8 U.S.C. § 1324b(i)(1). We review de novo the ALJ's conclusions of law and for substantial evidence the ALJ's findings of fact. *Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir. 1989). We deny the petition for review.

The ALJ correctly granted a summary decision as to Martinez's claims of discriminatory and retaliatory discharge because Martinez failed to raise a genuine dispute of material fact regarding whether Superior Linen's legitimate, nondiscriminatory, and nonretaliatory reasons for discharging him were pretextual and whether a causal link existed between his protected activity and his subsequent discharge. *See Villegas-Valenzuela v. INS*, 103 F.3d 805, 812 (9th Cir. 1996) (setting forth the standard for summary decision); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct."); *Knickerbocker v. City of Stockton*, 81 F.3d 907, 912 (9th Cir. 1996) ("[A]n inference [of retaliation based on the timing of adverse action] is not compelled where other evidence provides a reasonable basis for inferring that adverse action was not retaliatory.").

We construe Martinez's Motion to Dismiss the Respondent's Answering Brief as a motion to strike the answering brief, and we deny the motion because

13-71950

Superior Linen filed its answering brief in accordance with the applicable rules. *Cf.* 9th Cir. R. 28-1(a).

We deny as procedurally improper Superior Linen's request for attorneys' fees and costs, set forth in its opposition to Martinez's motion. *See* 9th Cir. R. 39-1.6.

**PETITION FOR REVIEW DENIED.**